IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARNELLE O. PENDERGRASS,

        Petitioner,

v.

RICK COURSEY,

        Respondent.

Case No. 2:11-cv-00926-HU

FINDINGS AND RECOMMENDATION

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Samuel A. Kubernick
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28

1 - FINDINGS AND RECOMMENDATION

U.S.C. § 2254. For the reasons set forth below, the petition should be denied.

## BACKGROUND

On May 9, 2006, petitioner was convicted of two counts of Robbery in the Second Degree (involving two victims) and one count of Burglary in the First Degree, following the entry of a conditional guilty plea. The trial court sentenced petitioner to two consecutive 70-month terms of imprisonment on the robbery convictions pursuant to Ballot Measure 11. The trial court merged the burglary conviction into the robbery convictions for purposes of sentencing. Resp. Exh. 101.

At the time of petitioner's sentencing, O.R.S. 137.123(5) provided that a court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds that the criminal offense for which a consecutive sentence is contemplated either (1) "was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime"; or (2) "caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense."

Petitioner filed a direct appeal challenging the legality of his conviction on state constitutional grounds. Resp. Exh. 106 at 6. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. State v. Pendergrass, 215 Or.App. 112, 168 P.3d 338, rev. denied, 343 Or. 554 (2007).

Petitioner sought state post-conviction relief on the ground that trial counsel was ineffective for failing "to object to the Court's imposition of a consecutive sentence, when the Court failed to make the necessary express factual findings, pursuant to ORS 137.123(5)." Resp. Exh. 111 at 2. The post-conviction court granted relief, concluding that trial counsel was deficient, and the petitioner suffered prejudice as a result. Resp. Exh. 115 at 2.

On appeal, however, the Oregon Court of Appeals reversed the post-conviction court, concluding that petitioner suffered no prejudice from trial counsel's failure to object:

> [The state] points out that, had petitioner's trial counsel objected, the trial court 'could easily have made findings that would satisfy ORS 137.123(5)(b), because the indictment alleged separate victims for the two robbery charges.' [The state] is correct. Trial counsel's failure to object to the lack of express findings regarding separate victims did not prejudice petitioner; the error would have been easily remedied had it been brought to the trial court's attention. The post-conviction court therefore erred in granting post-conviction relief.

Pendergrass v. Coursey, 242 Or.App. 68, 69-70, 253 P.3d 69, rev. denied, 350 Or. 530 (2011) (per curiam).

3 - FINDINGS AND RECOMMENDATION

In the instant proceeding, petitioner alleges two grounds for relief: (1) abuse of trial court discretion to deny defense motion; and (2) ineffective assistance of trial counsel.

## DISCUSSION

### I. Ground One: Trial Court Error.

Petitioner alleges that the trial court erred in denying petitioner's motion to disallow allegations of aggravating circumstances. Respondent moves the court to deny habeas relief because this ground for relief is premised upon a state law violation only, and was raised on direct appeal as a state law claim only. Petitioner concedes that this claim was raised on direct appeal as a state law claim only.

Accordingly, habeas relief should be denied on the basis that ground one is procedurally defaulted and, alternatively, because it does not set forth a cognizable federal constitutional violation. 28 U.S.C. § 2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 31-32 (2004); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

### II. Ground Two: Ineffective Assistance of Counsel.

Petitioner alleges that trial counsel was ineffective for failing to object to the sentencing court's "using aggravating factors not admitted by defendant or found beyond a reasonable doubt by a jury." Petition at 7. In petitioner's supporting memorandum this ground is modified slightly to mirror the claim exhausted in the state post-conviction court, i.e., that trial

4 - FINDINGS AND RECOMMENDATION

counsel was ineffective for failing to object to the trial court's failure to make explicit factual findings on the record in open court before imposing consecutive sentences. Memorandum at 1. Because respondent does not object to this modification, I address the claim as framed by counsel.

A claim of ineffective assistance of counsel requires petitioner to prove both deficient performance by counsel and prejudice. Premo v. Moore, 131 S.Ct. 733, 739 & 742 (2011). Proof of prejudice requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.; Bell v. Cone, 535 U.S. 685, 695 (2002); Strickland v. Washington, 466 U.S. 668, 687-88 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

As quoted above, the court of appeals concluded that petitioner failed to satisfy the prejudice prong of Strickland because, had counsel raised an objection at sentencing, "the error would have been easily remedied had it been brought to the trial court's attention" in light of the fact that the indictment alleged separate victims for the two robbery charges. Petitioner has failed to demonstrate that this conclusion is contrary to, or an unreasonable application of clearly established Federal law; or that it is based upon an unreasonable determination of the facts in

5 - FINDINGS AND RECOMMENDATION

light of the evidence presented. Accordingly, habeas relief is not warranted. See 28 U.S.C. § 2254(d); Miles v. Ryan, 691 F.3d 1127, 1137 (9th Cir. 2012)(noting habeas court's review of state decision under Strickland is doubly deferential).

In so holding, I reject petitioner's contention that proof of prejudice can be satisfied by the fact that trial counsel's failure to object to the consecutive sentences eliminated petitioner's opportunity to challenge his consecutive sentences *on direct appeal*. On the contrary, in the absence of proof of a reasonable probability that, but for trial counsel's error, petitioner would have received a more lenient sentence, he has failed to demonstrate prejudice under Strickland. See Strickland, 466 U.S. at 694 ("reasonable probability is a probability sufficient to undermine confidence in the outcome"); Miles, 691 F.3d at 1136 (noting that harmless error standard essentially overlaps Strickland prejudice prong).

## CONCLUSION

Based on the foregoing, petitioner's habeas petition (#2) should be denied, and this proceeding dismissed, with prejudice. Additionally, a certificate of appealability should be denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

///

///

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 26, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due December 13, 2012. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 5TH day of November, 2012.

Dennis J. Hubel
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION