IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DARNELLE O. PENDERGRASS,**

    Petitioner,

v.

**RICK COURSEY,**

    Respondent.

No. 2:11-cv-00926-HU

OPINION AND ORDER

MOSMAN, J.,

On November 5, 2012, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [24] in the above-captioned case, recommending that the Petition for Writ of Habeas Corpus [2] be denied and that a judgment be entered dismissing this case with prejudice. Judge Hubel also recommended that I decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner objected [26], and respondent responded [27] to petitioner's objections.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Petitioner objects to Ground One on the basis that he did not brief it. Petitioner pled Ground One in his petition for habeas corpus, respondent briefed the issue, and petitioner filed a reply, which allowed him a chance to brief Ground One. He chose not to do so. In his reply, petitioner explained that because Ground One was raised as a state-law claim only, he was focusing on his claim that counsel provided ineffective assistance. (Mem. [22] at 5.) It was appropriate for Judge Hubel to decide the issue, even if petitioner chose not to brief it beyond raising it in his habeas petition. Petitioner does not advance a substantive objection to Judge Hubel's recommendation as to Ground One. Therefore, I find that this objection lacks merit.

Upon review, I agree with Judge Hubel's recommendation, and I ADOPT the F&R [24] as my own opinion.

IT IS SO ORDERED.

DATED this ___ day of February, 2013.

MICHAEL W. MOSMAN
United States District Judge

2 – OPINION AND ORDER